IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 21, 2012

**STATE OF TENNESSEE v. CHRISTOPHER SCHURMAN**

**Appeal from the Circuit Court for Rutherford County**
**No. F-59734      Don R. Ash, Judge**

**No. M2011-01460-CCA-R3-CD - Filed May 10, 2012**

Appellant, Christopher Schurman, appeals the trial court's revocation of his probation, arguing that he is entitled to credit for time served on probation under the supervision of community corrections and that the underlying probation revocation agreement violated his right to due process.  Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Aaron C. Hall (on appeal); Gerald L. Melton, District Public Defender; Jeffrey S. Burton and Sean Williams, Assistant District Public Defenders (at hearing), Murfreesboro, Tennessee, for the appellant, Christopher Schurman.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; Trevor Lynch and Thomas Parkerson, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

I. Procedural History

On March 23, 2007, appellant pled guilty to aggravated assault, theft of property valued at $500 or less, and evading arrest.  Pursuant to a plea agreement, the trial court sentenced appellant to five years.  The trial court suspended the sentence and placed appellant on probation.  In November of 2009, appellant violated his probation.  The trial court ordered him to serve one hundred twenty days in the Rutherford County Jail and placed

him back on probation for the balance of his five-year sentence. On April 28, 2010, the trial court issued a second probation violation warrant. On August 23, 2010, appellant admitted to violating his probation, and the trial court placed him on probation under the supervision of community corrections for five years. After the trial court explained the agreement to appellant for the disposition of his second revocation, appellant stated he understood that if he violated his probation again he would not receive credit for his time served on probation supervised by community corrections. Appellant signed a "Violation of Probation Order" that states, "Defendant understands that he shall receive NO jail credit for the time community corrections supervises his probation due to the fact that defendant was not originally sentenced to community corrections, and is only now receiving community corrections on a violation." (emphasis in original).

In April of 2011, the trial court issued yet another violation warrant. Appellant agreed he had violated his probation that had been supervised by community corrections, and the trial court ordered him to serve the five-year sentence originally imposed. At the revocation hearing, the State noted that appellant was not entitled to credit for the time he served on probation supervised by community corrections. In response, appellant claimed that he was unaware that he would not receive credit for the time served. The trial court entered another "Violation of Probation" order on June 13, 2011. On June 23, 2011, appellant filed a "Motion for Defendant[']s Appeal and/or Motion for Time Served Credit." The trial court denied appellant's motion for "time served credit."

## II. Analysis

On appeal, appellant argues that he is entitled to credit for the time he served on probation supervised by community corrections based upon the legislative intent of Tennessee Code Annotated section 40-36-106(e)(3)(B) and because he did not knowingly, voluntarily, and understandingly enter the August 23, 2010 revocation agreement. The State responds that appellant is not entitled to credit for the time he served on probation supervised by community corrections. We agree with the State.

Initially, we note that no appeal of right lies from the denial of the request for jail credit. *See* Tenn. R. App. P. 3. Tennessee Rule of Appellate Procedure 3(b) governs the circumstances when a defendant has an appeal as of right. Rule 3(b) states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, [under certain specified circumstances]. The defendant may also appeal as of right from an order denying or revoking

probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). The judgment from which appellant complains is not "a judgment of conviction, . . . order denying or revoking probation, [or] a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Thus, Rule 3 is inapplicable to the trial court's order denying appellant's motion for time served credit, and appellant does not have an appeal as of right. *See State v. Greg Smith*, No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at * 1 (Tenn. Crim. App., Feb. 18, 2004).

Despite the procedural deficiency, the record establishes that on August 23, 2010, after appellant violated his probation, the trial court ordered his placement on probation supervised by community corrections. This court has previously held that probationers are not entitled to credit for participating in the community corrections program as a supervisory condition of his or her probation. *See State v. Cole*, No. 02C01-9708-CC-00324, 1998 WL 305375, at *2 (Tenn. Crim. App. June 11, 1998) ("the probationer who is placed in a community corrections program as a condition of probation is not entitled to sentence credit for time spent under community corrections supervision."); *State v. James Ray Bartlett*, No. M2002-01868-CCA-R3-CD, 2004 WL 1372847, at *2 (Tenn. Crim. App. June 16, 2004) (holding that defendant placed on probation with participation in community corrections as a supervisory condition of his probation is not entitled to sentence credit for his participation in the community corrections program). "A defendant sentenced to the community corrections program is actually serving his sentence while in the program in lieu of incarceration, while service of the sentence is suspended for a defendant placed on probation." *Id.* (internal citations omitted) (citing *Michael W. Carpenter v. State*, No. M2002-02187-CCA-R3-PC, 2003 WL 21024584, at *1 (Tenn. Crim. App. May 7, 2003)). "In the event of revocation, a defendant on probation receives no credit for time served, but a participant in the community corrections program does." *State v. George C. Peery, III*, No. E2002-01682-CCA-R3CD, 2003 WL 21383220, at *6 (Tenn. Crim. App. June 13, 2003). The trial court's August 23, 2010 order reflects that it placed appellant on probation supervised by the community corrections program. The trial court originally sentenced appellant to probation, not community corrections. Appellant is not entitled to credit for time served on probation supervised by community corrections.

Appellant further argues that the August 23, 2010 plea agreement denying him jail credit violated his due process rights because he did not knowingly, voluntarily, or understandingly enter into it. We presume appellant is referring to the probation revocation order because he did not enter a plea agreement on that date. On August 23, 2010, the court held a probation revocation hearing during which appellant, who had counsel, admitted to violating the terms of his probation. During this hearing, the trial court asked appellant if he

understood that "based on [his] agreement [he was] not getting any jail credit for being in community corrections." Appellant answered, "Yes, sir, I understand that." At the June 13, 2011 revocation hearing, appellant admitted that he signed the "Violation of Probation Order," but he claimed that he did not understand that he would not receive credit for the time he served in probation supervised by community corrections.

The trial court held probation revocation hearings and followed the proper procedures for revocation of probation. This court has previously held that our probation revocation procedures comply with the constitutional right to due process. *See Practy v. State,* 525 S.W.2d 677, 682 (Tenn. Crim. App. 1974) ("This [s]tate's procedure for revocation of sentence suspension and probation is an orderly one affording a probationer full protection of his constitutional right to due process."). Appellant knowingly, voluntarily, and understandingly entered the August 23, 2010 agreement, and the trial court properly denied credit for the time appellant was on probation under the supervision of community corrections. The proceedings did not violate appellant's due process rights. Accordingly, we conclude that appellant is not entitled to relief on this issue.

III. Conclusion

Based on the foregoing, we affirm the judgment of the trial court.


_____
ROGER A. PAGE, JUDGE